NATHAN KASTOVISKY, RELATOR, v. JOHN D. CASTLES, IN-SPECTOR OF BUILDINGS OF THE TOWN OF KEARNY, ET AL., RESPONDENTS.

Argued May 3, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Welanko & Strauss* and Benjamin *M. Weinberg.*

For the respondents, *McCarter & English.*

PER CURIAM.

This is a zoning case. The relator applied to the building inspector of the town of Kearny for a permit for the erection of a three-story brick building designed to contain twelve

apartments, on lands owned by the relator. The required fees were paid. The building inspector refused to issue the permit for the reason that the lands were located in what is known as "Zone B" under a zoning ordinance of the town of Kearny. "Zone B" is a residential zone. The land upon which the relator desired to erect said apartment house was restricted by the zoning ordinance to the erection of dwellings designed to be not over two and one-half stories in height and accommodating not more than two families. The zoning ordinance established a board of appeals. The relator applied to the board of appeals for a reversal of the action of the building inspector. A public hearing was had. The board of appeals affirmed the action of the building inspector. The relator then obtained the rule to show cause why an alternative or peremptory writ of *mandamus* should not issue out of this court commanding the said inspector of buildings to issue to the relator the permit applied for, under which the case is presented to this court.

We think the writ of *mandamus* must be denied. There are two reasons which prompt us to take this action. The first is that, in our opinion, the relator has misconceived his remedy. He sought the action of the board of appeals. This board is in effect the same as a board of adjustment created under chapter 146 of the laws of 1924, as amended by chapter 315 of the laws of 1926. The relator having applied to the board of appeals and submitted to the jurisdiction of that board, cannot now contend that it was not a properly constituted board, and did not have in effect the powers of a board of adjustment formed under the acts hereinbefore mentioned. The proper method for the relator to have taken to review the decision of the board of appeals was *certiorari*. *Paramount Realty and Construction Co., Incorporated* v. *Schmitt, Building Superintendent of the Town of Irvington,* 5 *N. J. Mis. R.* 177; *Chancellor Development Corp.* v. *Senior,* 4 *Id.* 633; *Burg* v. *Ackerman, Supervisor of Buildings,* 5 *Id.* 96.

The second reason for a denial of the writ asked for is that the writ of *mandamus* is a discretionary writ. *Jones Co.* v. *Guttenberg,* 66 *N. J. L.* 58. In view of the recent constitu-

tional amendment respecting zoning and the legislation enacted with reference thereto (chapter 274 of the laws of 1928), it would be, it seems to us, an abuse of the power of this court to direct the municipality to grant a permit for the erection of a building, the existence of which, if erected, has already been declared by legal authority to be improper. The views of the court in this respect have been more fully set forth in the opinion filed on May 14th, 1928, in the case of *Koplin* v. *Village of South Orange et al.*, 6 *N. J. Mis. R.* 489.

If a review of this decision is desired, permission is hereby given to the relator to enter a rule allowing and directing the molding of the pleadings to this end.

The rule to show cause is discharged.